**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PENNYMAC HOLDINGS, LLC, Plaintiff, v. STEVEN A. SORIANO, et al., Defendants. | Civil Action No. 15-841 (MAS) (TJB) **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on the motion of Plaintiff Pennymac Holdings, LLC ("Plaintiff" or "Pennymac") to remand this action to state court pursuant to 28 U.S.C. § 1447(c). (ECF No. 3.) Defendants Steven A. Soriano and Barbara Soriano (collectively, "Defendants") filed opposition (EFC No. 5), and Plaintiff replied (ECF No. 6). The Court, having considered the parties' arguments, decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court grants Plaintiff's motion to remand.

**I. Background**

Plaintiff originally filed a foreclosure Complaint in New Jersey Superior Court. (Notice of Removal, Ex. A. ("Compl."), ECF No. 1.) Defendants filed a Notice of Removal in the United States District Court for the District of New Jersey based on federal question jurisdiction. (ECF No. 1.) Defendants assert that their answer and counterclaims raise federal questions, thus providing the Court with jurisdiction over this matter. (Notice of Removal ¶¶ 9-14.) Plaintiff argues that the Superior Court of New Jersey has original jurisdiction because "no federal question

exists on the face of Plaintiff's properly pleaded complaint" and Defendants' answer and defenses would not confer federal jurisdiction. (Pl.'s Moving Br. 1-2, ECF No. 3-2.)

## II. Discussion

Matters removed to federal court should be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party asserting federal jurisdiction has the burden of demonstrating that the matter is properly before the federal court. *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly plead complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)). This leaves plaintiff "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc.*, 482 U.S. at 392. Federal defenses are not grounds for removal; this is true "even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393.

Here, Defendants' removal to federal court was improper. With limited exceptions, "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for [federal] jurisdiction." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002). Defendants fail to cite relevant legal authority for their assertion that counterclaims under the Real Estate Settlement Procedures Act, the Fair Debt Collection Practices Act, and the Truth in Lending Act can confer federal question jurisdiction when the complaint does not implicate a federal question. The Court recently addressed a similar issue in *Bank of New York Mellon Corp. v. Fischer*, where the defendant removed the action to

federal court claiming federal question jurisdiction based on his counterclaims. No. 15-1465, 2015 WL 4569077, at *1 (D.N.J. July 28, 2015). The *Bank of New York Mellon Corp.* court held that removal was improper because "[a]nticipated counterclaims do not confer federal question jurisdiction" and "[n]o federal question appear[ed] on the face of [p]laintiff's mortgage foreclosure complaint." 2015 WL 4569077, at *2. Similar to the complaint in *Bank of New York Mellon Corp.*, no federal question appears on the face of Pennymac's Complaint. Since Defendants did not meet their burden of demonstrating that the case is properly before the federal court, Pennymac's motion to remand is granted.

### III.  Conclusion

For the reasons set forth above, the Court grants Plaintiff's motion to remand. An order reflecting this decision accompanies this Memorandum Opinion.

_____s/ Michael A. Shipp_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** September 23, 2015